McBRIDE, Judge.
On the afternoon of June 14, 1952, plaintiff, a pedestrian, was crossing from the river side of Liberty Street to the lake side thereof about midway of the block between St. Ann and Dumaine Streets, in the City of New Orleans, when he was struck by a taxicab which was proceeding in the direction of downtown on Liberty Street. Plaintiff brought this suit seeking to recover $69,650 in damages from the cab driver, the •owner of the cab, and its liability insurer, in solido. The suit was dismissed in the lower court and plaintiff has appealed.
Plaintiff endeavored to prove that he was well out into the street when the cab ran him down. Various estimates of its speed were given, some of plaintiff’s witnesses saying the cab was speeding, and the contention is that the driver should have seen plaintiff in the roadway of the street in time to have taken some effective measures to avoid running into him.
The defendants’ version is that plaintiff walked from the sidewalk between two cars that were parked alongside the curb directly into the side of the cab. The fact of there being several cars parked on the river side of Liberty Street clearly appears from the testimony of the cab driver, a passenger in the cab, two police officers who arrived at the scene shortly after the accident happened, and an investigator for defendants. The officers said that upon their arrival plaintiff was still lying in the street about two or three feet removed from two of these cars. The import of the driver’s testimony is that from some distance away he saw McGee on the sidewalk and that he came into contact with the side of the cab. The passenger did not see the accident but she stated she heard the “knock” on the side of the car.
The testimony of plaintiff’s witnesses make no favorable impression upon us. We doubt even that some of them witnessed the accident as they irreconcilably disagreed with each other on some of the material facts. One witness even went so far as to have plaintiff crossing from the lake side of the street to the river side. The cab was not speeding as the evidence produced by defendants bearing on this point shows that it was moving at a moderate rate of speed and we feel sure that this is the case. No skid marks were left by the cab and it was brought to a stop within twenty-five feet or so after plaintiff was struck.
One thing stands out above all else in this case and that is there was no damage sus *703 tained by the front of the cab, the only damage 'being' a broken vent window on the right-hand side and this, we think, substantiates what the cab -driver and his passenger said about plaintiff coming into contact with the side of thé vehicle. "
This unfortunate accident can be .classified as one of those unavoidable ones insofar as the defendants are concerned; there certainly was no negligence on the cab driver’s part. According to the reasons for judgment, the trial judge' thought that, among other things, plaintiff had failed to sustain the burden of proving negligence on the part of. the cab'driver, and we. are convinced that this conclusion was the only correct one that could possibly be reached.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.